# DECLARATION OF DANIEL D. HELBERG

I, Daniel D. Helberg, declare as follows:

1.  I am the Vice President, Business & Legal Affairs of Shed Media US Inc. ("**Shed Media**"). I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and if called as a witness, I could and would competently testify thereto.

2.  This declaration is submitted in support of defendant Shed Media's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Preliminary Injunction.

3.  If Shed Media is not allowed to deliver the Show for airing, it will cause Shed Media and others irreparable damage, both monetary and non-monetary. First, VH1, the exhibitor, would likely claim that Shed Media is in breach of its contract (the "**Agreement**").

4.  In addition to suing Shed Media for damages, VH1 would likely terminate the Agreement and the episodes of the Show ordered in the Agreement. VH1 would claim irreparably harm by the loss of the Show's unique programming, and would suffer substantial losses in connection with advertising revenue, as advertisers which specifically paid to advertise during the Show would not pay for these commercials.

5.  If the Agreement were terminated, Shed Media would also lose substantial revenue for producing the Show pursuant to the Agreement. Although Shed Media cannot state with certainty the extent of its monetary damages (because

1  among other things it is impossible to know how many episodes would otherwise
2  have been produced, and what future revenue streams from foreign and ancillary
3  rights may be), Shed Media would lose the fees to which it is entitled for producing
4  the Show, distribution revenue and all forms of contingent compensation to which it
5  would be entitled for producing the Show.

7       I declare under penalty of perjury under the laws of the United States of
8  America that the foregoing is true and correct.

10      Executed August 2, 2011, at Los Angeles, California.

                                                _____
                                                Daniel D. Helberg