C. Anthony Mulrain, *pro hac vice*
email amulrain@gordonrees.com
GORDON & REES LLP
The Pinnacle Building, 5th Floor
Atlanta, Georgia 30326
tel (404) 869-9054 / fax (678) 389-8475

Richard P. Sybert, CA Bar No. 80731
email rsybert@gordonrees.com
Yuo-Fong C. Amato, CA Bar No. 261453
email bamato@gordonrees.com
GORDON & REES LLP
633 W. Fifth Street, 52nd Floor
Los Angeles, California 90071
tel (213) 576-5000/ fax (213) 680-4470

Attorneys for Plaintiff
GILBERT J. ARENAS, JR.

FILED
CLERK, U.S. DISTRICT COURT

DEC 2 1 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GILBERT J. ARENAS, JR., an individual,

                          Plaintiff,

          vs.

SHED MEDIA US INC., a Delaware
corporation; LAURA GOVAN,
an individual; and DOES 1 through 10,
inclusive,

                          Defendants.

CASE NO.  11-cv-5279 DMG -
PJW

**JOINT MOTION FOR
PROTECTIVE ORDER**

Plaintiff Gilbert J. Arenas, Jr. and Defendant Shed Media US Inc.

(collectively, the "Parties") hereby jointly move this Court for the entry of a

protective order pursuant to Federal Rules of Civil Procedure Rule 26(c), for good

cause, to protect each party's confidential materials, research, development, or

commercial information.

1  The Parties have agreed to be bound by the terms of the stipulated protective

2  order attached hereto as Exhibit 1, and respectfully request that this Court enter the

3  stipulated protective order.

4                                         Respectfully submitted,

5
                                          GORDON & REES LLP
6  Dated:  December 20, 2011

7                                    By    s/Yuo-Fong C. Amato
8                                          C. Anthony Mulrain
                                           Richard P. Sybert
9                                          Yuo-Fong C. Amato
                                           Attorneys for Plaintiff
10                                         GILBERT J. ARENAS, JR.

11  Dated:  December 20, 2011             SHEPPARD, MULLIN, RICHTER &
12                                         HAMPTON LLP

13                                   By    s/James E. Curry
14                                         James E. Curry
                                           Valerie E. Alter
15                                         Attorneys for Defendant
                                           SHED MEDIA US INC.
16

17

18

19

20

21

22

23

24

25

26

27

28

                                         -2-
                         JOINT MOTION FOR PROTECTIVE ORDER

**SIGNATURE CERTIFICATION**

I hereby certify that the content of this document is acceptable to James E. Curry, attorney for Defendant Shed Media US Inc., and that I have obtained Mr. Curry's authorization to affix their electronic signature to this document.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and executed on December 20, 2011, in the City of Bethlehem, State of Pennsylvania.

Dated:  December 20, 2011                    s/Yuo-Fong C. Amato
                                             Yuo-Fong C. Amato

-1-

## CERTIFICATE OF E-FILE SERVICE

I hereby certify that on December 20, 2011, a copy of the foregoing document and all attendant documents were filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail (N/A). Parties may access this filing through the Court's electronic filing system.

JAMES E. CURRY, Cal. Bar No. 115769
jcurry@sheppardmullin.com
VALERIE E. ALTER, Cal. Bar No. 234032
valter@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6017
Telephone: 310-228-3700
Facsimile: 310-228-3701

*Counsel for Defendant*
*Shed Media US Inc.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and executed on December 20, 2011, in the City of San Diego, State of California.

s/ *Yuo-Fong C. Amato*
Yuo-Fong C. Amato

-1-

JOINT MOTION FOR PROTECTIVE ORDER

AREN/1070048/11358143v.1

# Exhibit 1

1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     CENTRAL DISTRICT OF CALIFORNIA

10

11   GILBERT J. ARENAS, JR., an individual,    )   CASE NO. CV 11-05279-DMG
                                                )   (PJWx)
                              Plaintiff,        )
12          vs.                                 )   [PROPOSED] STIPULATED
                                                )   PROTECTIVE ORDER
13   SHED MEDIA US INC., a Delaware             )
     corporation; LAURA GOVAN,                  )
14   an individual; and DOES 1 through 10,      )
     inclusive,                                 )
15                                              )
                              Defendants.       )
16   _____ )

17

18

19

20

21

22

23       ///

24       ///

25       ///

26

27

28
                                      -1-
     _____
               [PROPOSED] STIPULATED PROTECTIVE ORDER

1    Having considered the parties' proposed Stipulated Protective Order set

2  forth below and finding good cause therefore, it is hereby ORDERED that the

3  following Stipulation between the parties shall be the Order of the Court:

4         **PURPOSE AND LIMITATIONS.**  The parties acknowledge that each

5  possesses, controls, or has in its custody certain non-public information that

6  constitutes confidential, proprietary, or private information for which special

7  protection from public disclosure and from use for any purpose other than this

8  litigation is warranted. The parties acknowledge that this Order does not confer

9  blanket protections on all disclosures or responses to discovery and that the

10  protection this Order affords extends only to the limited information or items that

11  are entitled under the applicable legal principles to treatment as confidential. The

12  parties further acknowledge that this Order creates no entitlement to file

13  confidential information under seal and that Local Civil Rule 79-5 sets forth the

14  procedures that must be followed and reflects the standards that will be applied

15  when a party seeks permission from the court to file material under seal. The

16  parties agree to cooperate for the purpose of limiting – to the extent possible – the

17  need to file materials under seal.

18        **1.    DEFINITIONS.**

19        **1.1.**    The term "Action" means this Case No. CV 11-05279 DMG

20  (PJWx) and any subsequent adjudication of the claims asserted herein by and

21  among any of the parties to this case, including but not limited to requests to

22  enforce or challenge any award entered or any appeals or retrials.

23        **1.2.**    The term "Designating Party" means a party or non-party that

24  designates any Disclosure in this Action as "Confidential" or "Attorneys' Eyes

25  Only."

26        **1.3.**    The term "Disclosure" means any item, document, or

27  information, regardless of the medium or manner generated, stored, or maintained

28  (including, among other things, testimony, transcripts, and tangible things) that is

-2-

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1    produced, made available for inspection, or generated in response to discovery or

2    through any other means of disclosure in this Action other than at court

3    proceedings.

4    **1.4.**   The term "In-House Counsel" means any attorney who is an

5    employee of a party, or of an entity under common control of a party, who is

6    responsible for managing litigation for that party.

7    **1.5.**   The term "Outside Counsel" means any attorney who is not an

8    employee of a party, or of an entity under common control of a party, but who is

9    retained to represent or advise a party in this Action.

10    **1.6.**   The term "Producing Party" means a party or non-party that

11    provides a Disclosure in this Action.

12    **1.7.**   The term "Professional Vendor" means a person or entity that

13    provides litigation support services (e.g., photocopying; videotaping; translating;

14    preparing exhibits or demonstrations; organizing, storing, or retrieving data in any

15    form; trial or jury consulting; etc.) and employees and subcontractors thereof.

16    **1.8.**   The term "Protected Information" means any Disclosure that is

17    designated as "Confidential" or "Attorneys' Eyes Only."

18    **1.9.**   The term "Receiving Party" means a party that receives a

19    Disclosure from a Producing Party.

20    **2.**   **SCOPE.**   The protections conferred by this Order cover all Protected

21    Information; any information copied or extracted therefrom; all copies, excerpts,

22    summaries, and compilations thereof; and all testimony, conversations, and

23    presentations by the parties or their counsel that might reveal Protected

24    Information other than in proceedings before the Court.

25

26

27

28

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

**3.** **DURATION**. This Order shall survive the termination of this Action and shall remain in full force and effect unless modified by an Order of this Court or other court of competent jurisdiction or by the written stipulation of the parties filed with this Court.

**4.** **DESIGNATING PROTECTED INFORMATION**.

**4.1.** "Confidential" Designation. Any party (including any third party who is producing documents or information in the Action) may designate as "Confidential" and subject to this Protective Order any Disclosure or portion thereof that the party believes in good faith to contain trade secrets; competitively sensitive technical, marketing, financial, or sales information or other proprietary or confidential business information; private or confidential personal information of a party or third party; or information received in confidence from a third party.

**4.2.** "Attorneys' Eyes Only" Designation. A party (including any third party who is producing documents or information in the Action) may designate as "Attorneys' Eyes Only" and subject to this Protective Order any Disclosure or portion thereof that the party believes in good faith to contain highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the party.

**4.3.** Exercise of Restraint and Care in Designating Protected Information. A Designating Party must take care to designate as Protected Information only those parts of Disclosures that qualify so that other portions of the Disclosures for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions if such improper

-4-

designations are not reasonably withdrawn or corrected upon request by the Receiving Party.  If after designating a Disclosure as Protected Information the Designating Party believes that such Disclosure does not qualify for the level of protection asserted, the Designating Party shall promptly notify all other parties in writing and, if the Designating Party was the Producing Party, shall promptly correct the mistaken designation by providing a replacement production marked in accordance with Section 4.5 below.

**4.4.**   Timing of Designations. Except as otherwise provided in this Section 4.4, a Producing Party shall designate any Disclosure that qualifies for protection under this Order at or before such time that the Disclosure is produced or disclosed to a Receiving Party.  A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the Receiving Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be treated as having "Attorneys' Eyes Only" designation.  After the Receiving Party has identified which portions of the Disclosure it wants copied and produced, the Producing Party must determine to what extent those portions of the Disclosure qualify for protection under this Order, and, before producing the specified portions of the Disclosure, the Producing Party shall affix where applicable the appropriate legend of "Confidential" or "Attorneys' Eyes Only" in the manner provided in Section 4.5, or otherwise in a manner sufficient to identify the information as "Confidential" or "Attorneys' Eyes Only."

**4.5.**   Manner of Designations. Disclosing Parties shall designate Protected Information as "Confidential" or "Attorneys' Eyes Only" as follows:

**4.5.1. Documents**. In the case of documents produced in response to requests for production, interrogatories, requests for admission, or otherwise disclosed during discovery or the course of this Action, designation shall

-5-

1  be made by placing on every page containing Protected Information the legend

2  "Confidential" or "Attorneys' Eyes Only" as applicable, or otherwise in a manner

3  sufficient to identify the information as "Confidential" or "Attorneys' Eyes Only."

4  The foregoing shall not preclude the inclusion of additional text in the legend, such

5  as "Subject to Protective Order" or other similar designation. The "Confidential"

6  and "Attorneys' Eyes Only" designations shall be deemed to apply to the pages so

7  marked and to the information contained therein.  If only a portion of the material

8  on a page qualifies for protection, the Designating Party shall clearly identify the

9  protected portion (e.g., by making appropriate markings in the margins) and shall

10  specify, for each such portion, the level of protection being asserted (i.e.,

11  "Confidential" or "Attorneys' Eyes Only"), or otherwise in a manner sufficient to

12  identify the information as "Confidential" or "Attorneys' Eyes Only."

13  　　　　**4.5.2. Depositions**. Proceedings at a deposition may be

14  designated as "Confidential" or "Attorneys' Eyes Only" by the Designating Party

15  identifying on the record, before the close of the deposition, the portions of the

16  proceedings that qualify as "Confidential" or "Attorneys' Eyes Only."  When it is

17  impractical to identify separately each portion of testimony that is entitled to

18  protection, and when it appears that substantial portions of the testimony may

19  qualify for protection, the Designating Party may invoke on the record, before the

20  conclusion of the deposition, a right to have up to fourteen days to review the

21  transcript and identify the specific portions of the testimony as to which protection

22  is sought and to specify the level of protection being asserted (i.e., "Confidential"

23  or "Attorneys' Eyes Only").  During that fourteen-day period, the transcript and

24  testimony will be treated as "Attorneys' Eyes Only." Arrangements shall be made

25  with the court reporter taking and transcribing such deposition, to separately bind

26  such portions of the transcript containing Protected Information and to label such

27  portions with the appropriate legend of "Confidential" or "Attorneys' Eyes Only"

28  as instructed by the Designating Party.

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

**4.5.3. Non-Paper Media**. For Disclosures produced in some form other than on paper, and for any tangible items other than papers, the Designating Party shall affix in a prominent place on the exterior of such non-paper media the legend "Confidential" or "Attorneys' Eyes Only" as applicable. If only portions of such non-paper Disclosures warrant protection, the Designating Party shall, to the extent practicable, identify the protected portions, specifying whether they qualify as "Confidential" or "Attorneys' Eyes Only." In the event a Receiving Party generates any hard copy reproduction of such non-paper media Disclosures, such Receiving Party shall mark and treat such hard copy with the appropriate legend(s) as set forth for documents in Paragraph 4.5.1 above, or otherwise in a manner sufficient to identify the information as "Confidential" or "Attorneys' Eyes Only."

**4.6.   Failures to Designate; No Waiver.** The parties shall take reasonable precautions and use best efforts to protect against the improper or unauthorized disclosure of Protected Information. Disclosures of Protected Information that should have been designated as such (or designated at a higher level of protection) shall not be deemed a waiver of a party's claim of confidentiality, either as to the specific Disclosures or as to any other information concerning the same or related subject matter. Such a Disclosure of Protected Information may be rectified by written notice to all Receiving Parties promptly after the Producing Party learns of the Disclosure that should have been designated as Protected Information (or designated at a higher level of protection). Such written notice shall constitute a designation of the Disclosure as "Confidential" or "Attorneys' Eyes Only" Protected Information as the case may be, and the Producing Party shall promptly provide a replacement production marked in accordance with Section 4.5 above, or otherwise in a manner sufficient to identify the information as "Confidential" or "Attorneys' Eyes Only.". The Receiving Party shall make reasonable efforts to ensure that the material so designated is

-7-

treated in accordance with the provisions of this Order.

5.    **ACCESS TO PROTECTED INFORMATION.**

    **5.1.    Access to "Attorneys' Eyes Only" Information**.  Absent written permission from the Designating Party or an Order from this Court and unless otherwise provided in this Order, Disclosures designated "Attorneys' Eyes Only" shall be used solely for the purpose of this Action and may be disclosed only to the following persons:

    **5.1.1.** Outside Counsel in this Action and all attorneys, paralegals, and administrative and clerical employees of the law firm of such Outside Counsel;

    **5.1.2.** experts and consultants who are assisting Outside Counsel in the preparation for any deposition, hearing, trial, or other proceeding in this Action and who agree to be bound by the terms of this Order by executing the "Agreement to Be Bound by Protective Order" (Exhibit A)(the parties are not required to disclose the names of these individuals to the other party, except as required pursuant to required expert designation);

    **5.1.3.** the Court and its personnel;

    **5.1.4.** any court reporter, videographer, or interpreter transcribing, recording, or interpreting testimony that includes Protected Information;

    **5.1.5.** any person identified by the Designating Party or on the face of a protected Disclosure as an author, recipient, or authorized custodian of the Disclosure or the Protected Information contained therein;

    **5.1.6.** Professional Vendors hired by and under the control and supervision of Outside Counsel and necessary to assist Outside Counsel in preparation for trial or in fulfilling a party's discovery obligations;

    **5.1.7.** attorney Eva Kwan of Hiscox USA, who may share documents with other attorneys at Hiscox, and information from the documents

-8-

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1   with others at Hiscox, but will keep all such "Attorney's Eyes Only" documents in

2   a separate file maintained by Ms. Kwan, which will not be in the general file area

3   of Hiscox USA; and

4           **5.1.8.** any other person agreed upon by the parties in writing or

5   as Ordered by the Court.

6         **5.2.**   **Access to "Confidential" Information**.  Absent written

7   permission from the Designating Party or an Order from this Court and unless

8   otherwise provided in this Order, Disclosures designated "Confidential" shall be

9   used solely for the purpose of this Action and may be disclosed only to the

10   following persons:

11           **5.2.1.** any person having access to "Attorneys' Eyes Only"

12   information as provided in Section 5.1 above;

13           **5.2.2.** current employees (including independent contractors

14   whose primary job is to work at the Receiving Party's office or facility), officers,

15   and directors of a party to this Action to whom Outside Counsel believes

16   disclosure to be reasonably necessary for this Action;

17           **5.2.3.** former employees (including independent contractors

18   whose primary job is to work at the Receiving Party's office or facility), In-House

19   Counsel, officers, and directors of a party to this Action to whom Outside Counsel

20   believes disclosure to be reasonably necessary for this Action;

21           **5.2.4.** during their depositions, witnesses in the Action to whom

22   Outside Counsel believes disclosure to be reasonably necessary;

23           **5.2.5.** any person who is a superior to any person identified by

24   the Designating Party or on the face of a protected Disclosure as an author,

25   recipient, or authorized custodian of the Disclosure or the Protected Information

26   contained therein;

27           **5.2.6.** attorney Eva Kwan of Hiscox USA, who may share

28   information and documents with others at Hiscox, but will keep all such

-9-

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1   "Confidential" documents in a separate file maintained by Ms. Kwan, which will
2   not be in the general file area of Hiscox USA; and

3     **5.2.7.** any other person agreed upon by the parties in writing or
4   as Ordered by the Court.

5     **5.3.**  **Storage and Copies of Protected Information.** The recipient
6   of any Protected Information shall maintain such Protected Information in a secure
7   and safe area and shall exercise the same standard of due care with respect to the
8   storage, custody, use, or dissemination of such Protected Information as is
9   exercised by the recipient with respect to its own proprietary information.
10  Protected Information shall not be copied, reproduced, summarized, or abstracted
11  except to the extent that such copying, reproduction, summarization, or abstraction
12  is intended for the conduct of this Action and believed in good faith to be
13  appropriate for that purpose. Any such copies, reproductions, summaries, and
14  abstracts shall be subject to the terms of this Order and labeled in the same manner
15  as the Protected Information upon which they are based. This provision shall not
16  apply to the Court or court personnel.

17    **6.**  **CHALLENGING CONFIDENTIALITY DESIGNATIONS**. A
18  party shall not be obligated to challenge the propriety of a "Confidential" or
19  "Attorneys' Eyes Only" designation at the time made, and failure to do so shall not
20  preclude a subsequent challenge thereto during the pendency of this Action. In the
21  event that any party to this Action disagrees with such a designation, such party
22  may provide to the Designating Party written notice of its disagreement with the
23  designation. The parties shall first try to resolve such dispute in good faith on an
24  informal basis. If the dispute cannot be resolved, the party challenging the
25  designation may request appropriate relief from the Court in accordance with Local
26  Rules 37-1 and 37-2 (including the Joint Stipulation requirement). The
27  Designating Party will carry the burden of proving that it properly designated the
28  subject Disclosure as "Confidential" or "Attorneys' Eyes Only." Any challenged

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1  designation will remain in force until otherwise determined, either by agreement of

2  the parties or by Order of the Court, as provided herein.

3      **7.      FILING UNDER SEAL.** In accordance with Local Rule 79-5.1, if

4  any papers to be filed with the Court contain information and/or documents that

5  have been designated as "Confidential" or "Attorneys' Eyes Only," the proposed

6  filing shall be accompanied by an application to file the papers or the portion

7  thereof containing the designated information or documents (if such portion is

8  segregable) and if appropriate, the application itself under seal, and the application

9  shall be directed to the judge to whom the papers are directed.

10     **8.      NO APPLICATION TO PUBLIC OR OTHERWISE**

11  **AVAILABLE INFORMATION**. Notwithstanding the designation of any

12  Disclosure as "Confidential" or "Attorneys' Eyes Only," the same shall not be

13  deemed Protected Information subject to this Order if the substance thereof:

14     **8.1.**   is, at the time of disclosure by the Disclosing Party, public

15  knowledge by publication or otherwise;

16     **8.2.**   becomes, at any time and through no act or failure to act on the

17  part of the Receiving Party and without breach of any obligation of confidence,

18  public knowledge;

19     **8.3.**   has previously been disclosed in public by the Disclosing Party

20  to the Receiving Party or any third party without any obligation of confidence to

21  the Disclosing Party;

22     **8.4.**   has been made available to the Receiving Party by a third

23  person who obtained it by legal means and without any obligation of confidence to

24  the Disclosing Party;

25     **8.5.**   was previously known to the Receiving Party and can be

26  demonstrated by written documents to have been in the Receiving Party's

27  possession prior to the disclosure by the Producing Party; or

28     **8.6.**   is independently developed or discoverable by employees or

-11-

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

consultants of the Receiving Party who did not have access to such Protected Information.

**9. USE OF PROTECTED INFORMATION LIMITED TO THIS ACTION.** The Receiving Party may use Protected Information only for the purpose of conducting this Action and not for any business or other purpose whatsoever, unless agreed to in writing by the Producing Party. No Protected Information or the contents thereof may be disclosed to or used with any representatives, agent, attorney, or employee of the Receiving Party, except as provided herein. Nothing contained in this Order shall preclude a Disclosing Party from using or disseminating its own Protected Information.

**10. THIRD PARTY PROTECTED INFORMATION.** In the case of a third party disclosing documents or information in this litigation, within thirty (30) days after receipt of a Disclosure from any such third party in this Action, any party to this Action may designate any portion of such Disclosure as "Confidential" or "Attorneys' Eyes Only" under this Order if such Disclosure has not otherwise been so designated by the third party.

**11. INADVERTENT DISCLOSURE.** If a Receiving Party discloses Protected Information through inadvertence or otherwise to any person or party not authorized under this Protective Order, the Receiving Party shall immediately notify the Disclosing Party of the disclosure, and the Receiving Party shall use its best efforts to promptly retrieve all copies of any Disclosure containing such Protected Information and to bind such person to the terms of this Protective Order, including cooperating in obtaining an order of the Court to remedy the inadvertent disclosure, if necessary. The Receiving Party also shall: (a) promptly inform such unauthorized person of all the provisions of this Protective Order, including providing such person with a copy of this Order; (b) identify such person immediately to the Disclosing Party and inform the Disclosing Party of all

-12-
**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1   pertinent facts relating to the inadvertent disclosure; and (c) request that such

2   unauthorized person sign the "Agreement to Be Bound by Protective Order"

3   (Exhibit A).

4       **12.    USE OF OWN INFORMATION ALLOWED.** Nothing in this

5   Order shall prevent any Designating Party to the Action from disclosing or using,

6   in any manner or for any purpose, information or documents from that Designating

7   Party's own files merely because the party itself has designated such information

8   or documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

9       **13.    EXCLUSION OF INDIVIDUALS FROM DEPOSITIONS.**

10  Counsel for a Designating Party shall have the right to exclude from oral

11  depositions any person not authorized to access Protected Information as set forth

12  in Section 5 above.  Such right of exclusion shall be applicable only during periods

13  of examination or testimony directed to or comprising Protected Information of the

14  Designating Party.

15      **14.    CONCLUSION OF LITIGATION.**  Within sixty (60) days of the

16  termination of all of this Action, whether through settlement or final judgment

17  (including any and all appeals therefrom), each Receiving Party shall, at the option

18  of the Receiving Party, either return to the Designating Party or destroy all

19  Protected Information produced by the Designating Party, except where the

20  Designating Party has previously requested that certain Protected Information be

21  returned.  However, the parties shall be permitted to retain copies of work product

22  that incorporates, describes, or refers to Protected Information subject to the other

23  terms and conditions of this Order.  Outside Counsel for each party shall be

24  entitled to retain all pleadings, motion papers, legal memoranda, correspondence,

25  work product, trial transcripts, and trial exhibits.  This provision shall not apply to

26  the Court or court personnel.

27      **15.    VIOLATIONS OF PROTECTIVE ORDER.** In the event that any

28  person or party violates or threatens to violate the terms of this Order, the

1  aggrieved Disclosing Party may immediately apply to obtain injunctive relief

2  against such person or party violating or threatening to violate this Order. The

3  parties and any other person subject to the terms of this Order agree that this Court

4  shall retain jurisdiction over it and them for the purpose of enforcing this Order.

5      **16.    REQUIRED DISCLOSURES**. If Protected Information is requested

6  from any Receiving Party by a court, government entity, or third party pursuant to

7  a valid subpoena or other court order, the party receiving such request shall

8  immediately notify the other parties to this Action in writing and provide them a

9  reasonable time in which to object or take steps to protect their interests before any

10  Protected Information is produced. Nothing contained in this Protective Order is

11  intended to be construed as authorizing a party to disobey a lawful subpoena issued

12  in another action.

13      **17.    ALL RIGHTS RESERVED**. Any party to this Action may apply to

14  the Court at any time for a modification of or an exception to this Order. Such

15  application may be made only after reasonable attempts have been made to meet

16  and confer with counsel for all other parties to this Action, and all parties shall

17  have a full and fair opportunity to be heard by the Court before modification of or

18  exception to this Order.

19      **18.    NO WAIVER OF ATTORNEY-CLIENT PRIVILEGE OR**

20  **WORK-PRODUCT PROTECTION.** If information is produced in discovery

21  that is subject to a claim of privilege or protection as trial preparation material, the

22  party making the claim may notify any party that received the information of the

23  claim and the basis for it. After being notified, a party must promptly return,

24  sequester, or destroy the specified information and any copies it has; must not use

25  or disclose the information until the claim is resolved; must take reasonable steps

26  to retrieve the information if the party disclosed it before being notified; and may

27  promptly present the information to the court under seal for a determination of the

28  claim. The Producing Party must preserve the information until the claim is

-14-

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

resolved.  Any disclosure or production in discovery in this Action of documents that are protected by the attorney-client privilege or subject to work-product protection will not constitute a waiver of either any available privilege or protection by the disclosing party as a consequence of such disclosure or production.  This provision does not, however, prevent a party from raising some other basis as establishing that the Producing Party has otherwise waived the attorney-client privilege or work product protection as to the materials produced, or that such privilege or protection does not apply to the materials produced.

**19.    NO WAIVER OF OBJECTIONS, PRIVILEGES.**  Nothing contained in this Order shall affect or waive any party's right to object to the admissibility, discoverability, or privileged or exempted nature of any Disclosure, all such objections and exemptions being specifically preserved.

**20.    MODIFICATION OR EXCEPTION UPON WRITTEN AGREEMENT.**  The parties may agree in writing to reasonable modifications of or exceptions to this Order; however, no modification or exception by the parties shall have the force or effect of a Court Order unless the Court endorses such modification or exception.

**21.    HEADINGS.** The headings herein are provided only for the convenience of the parties and are not intended to define or limit the scope of the express terms of this Order.

IT IS SO ORDERED.

DATED: _12/21/11_          _Patrick J. Walsh_

-15-
**[PROPOSED] STIPULATED PROTECTIVE ORDER**

## **EXHIBIT A**

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, hereby acknowledge that I have received a copy of the Protective Order entered in this action (Case No. CV 11-05279 DMG (PJWx)) by the United States District Court for the Central District of California (hereinafter the "Protective Order") and further state and agree to the following:

1.     I have either read and understood the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

2.     I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

3.     If I receive documents or information designated as "Confidential" or "Attorneys' Eyes Only" (as those terms are defined in the Protective Order), I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order.

4.     I agree to hold in confidence and not further disclose or use for any purpose other than as expressly permitted by the Protective Order any documents or information disclosed to me pursuant to the terms of the Protective Order.

5.     I hereby submit myself to the jurisdiction of the United States District Court for the Central District of California for resolution of any matter or dispute pertaining to the Protective Order and my receipt of information or documents pursuant to the Protective Order.

Date:

Signature: _____

Name: _____

Address: _____

_____

AREN/1070048/11358666v8

-16-

**[PROPOSED] STIPULATED PROTECTIVE ORDER**