JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 11-05279 DMG (PJWx) | Date | June 8, 2012 |
|---|---|---|---|

| Title | *Gilbert J. Arenas v. Shed Media US Inc., et al.* | Page | 1 of 7 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND PLAINTIFF'S MOTION TO DISMISS [Doc. ## 31, 49]**

This matter is before the Court on Defendant Shed Media US Inc.'s September 6, 2011 motion for attorneys' fees [Doc. # 31] and Plaintiff Gilbert J. Arenas' April 19, 2012 motion to dismiss this action without prejudice [Doc. # 49]. The Court took these matters under submission on October 14, 2011 and May 15, 2012, respectively [Doc. ## 41, 56]. For the reasons discussed below, the Court grants both motions.

**A.    Shed Media's Motion for Attorneys' Fees**

The Court previously granted Shed Media's motion to strike Arenas' right-of-publicity claim pursuant to California's statute prohibiting Strategic Lawsuits Against Public Participation (the "anti-SLAPP" statute), Cal. Civ. Proc. Code § 425.16 [Doc. # 28]. Shed Media now seeks to recover attorneys' fees of $32,982. Arenas contends that such fees are unavailable under the circumstances here and that, in any event, the amount of fees requested is unreasonable.

The anti-SLAPP statute provides that "a prevailing defendant on a special motion to strike **shall** be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1) (emphasis added); *accord S.B. Beach Props. v. Berti*, 39 Cal. 4th 374, 379, 46 Cal. Rptr. 3d 380 (2006) ("[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees.").

**1.    Shed Media Is a Prevailing Defendant**

Arenas, relying on *Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081 (9th Cir. 2004), maintains that Shed Media is not a prevailing defendant because the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 11-05279 DMG (PJWx)** | Date | June 8, 2012 |
|---|---|---|---|

| Title | *Gilbert J. Arenas v. Shed Media US Inc., et al.* | Page | 2 of 7 |
|---|---|---|---|

dismissed the complaint with leave to amend.[1]  *Verizon*, however, held only that federal courts may not apply portions of the anti-SLAPP statute that directly collide with the Federal Rules of Civil Procedure. *Id*. at 1091. Thus, the Ninth Circuit explained that granting an anti-SLAPP motion to strike a plaintiff's original complaint without granting leave to amend would conflict with the Federal Rules' policy favoring liberal amendment. *Id*. It did not hold that fees are unavailable for a successful anti-SLAPP motion to strike merely because the potential for amendment remains. Rather, it found that the district court had acted within its discretion by deferring consideration of the special motion to strike the original complaint pending receipt of the first amended complaint. *Id*. Here, the Court *granted* Shed Media's anti-SLAPP motion to strike the complaint.

Arenas' other cited cases are similarly distinguishable. In *EchoStar Satellite, L.L.C. v. Viewtech, Inc.*, No. 07-CV-1273 W(AJB), 2009 WL 1668712, 2009 U.S. Dist. LEXIS 50487 (S.D. Cal. May 27, 2009), the counter-defendant filed an anti-SLAPP motion to strike the state law claims in the counterclaim. The counterclaimant did not file an opposition. Instead, the parties jointly requested an order allowing the counterclaimant to file an amended counterclaim that eliminated the state law claims. 2009 WL 1668712, at *1, 2009 U.S. Dist. LEXIS 50487, at *4. Thus, the district court never ruled on the counter-defendant's anti-SLAPP motion.

Lastly, Arenas relies on this Court's decision in *Brown v. Electronic Arts, Inc.*, 722 F. Supp. 2d 1148 (C.D. Cal. 2010). In *Brown*, the defendant filed a special motion to strike, which the plaintiff failed to oppose. This Court, Hon. Florence-Marie Cooper presiding, granted the motion with leave to amend. The motion was granted pursuant to Local Rule 7-12, which provides that a party's failure to oppose a motion may be deemed consent to granting it. This Court later described the defendant's victory as "technical" because the plaintiff subsequently filed an amended complaint and "the posture of the case changed hardly at all." *Id*. at 1156.

Shed Media's victory, in contrast, can hardly be described as "technical." The Court granted Shed Media's special motion to strike after fully considering its merits. That the Court granted Arenas leave to amend does not undermine Shed Media's status as the prevailing party. *Cf. Northon v. Rule*, 637 F.3d 937 (9th Cir. 2011) (affirming fee award under Oregon's similar anti-SLAPP statute where case was dismissed without prejudice). The Court granted Arenas leave to amend to comply with Rule 15(a) because it was not certain that he could not state a right-of-publicity claim with additional allegations. Nonetheless, the Court's Order granting the anti-SLAPP motion [Doc. # 28] greatly reduced the potential scope of any amended claim and

---

[1] Arenas also argues that the fee motion is premature while his appeal of the Court's ruling on Shed Media's anti-SLAPP motion was pending. As this Court deferred ruling on the fee motion until Arenas completed the appeal process and the appeal has been resolved against him, his argument is now moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-05279 DMG (PJWx)** | Date | June 8, 2012 |
| Title | *Gilbert J. Arenas v. Shed Media US Inc., et al.* | Page | 3 of 7 |

Arenas ultimately chose not to file an amended complaint. Thus, Shed Media is a prevailing defendant.

### 2. Except as Noted, the Amount of Fees Requested Is Not Excessive

When state law provides the basis for a party's entitlement to attorneys' fees, a federal court—whether sitting in diversity or, as here, exercising supplemental jurisdiction—applies state law to calculate the amount of fees. *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). California utilizes a "lodestar adjustment method" to calculate attorneys' fees for defendants who prevail on an anti-SLAPP motion. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131, 104 Cal. Rptr. 2d 377 (2001).

Under the lodestar adjustment method, "a court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case.'" *Id.* at 1131-32 (quoting *Serrano v. Priest*, 20 Cal. 3d 25, 48, 141 Cal. Rptr. 315 (1977)) (ellipsis in *Ketchum*). The court may then adjust the lodestar amount based on factors such as (1) the novelty and difficulty of the questions involved; (2) the skill displayed in presenting them; (3) the extent to which the nature of the litigation precluded other employment by the attorneys; and (4) the contingent nature of the fee award. *Id.* at 1132 (citing *Serrano*, 20 Cal. 3d at 49).

#### a. The Hourly Rate Is Reasonable

Shed Media requests $32,982.50 for 83.5 hours of work on the anti-SLAPP motion to strike, reflecting an average hourly rate of $395. (Curry Decl., Ex C.) Shed Media's counsel asserts that "[t]he blended rate of $395 charged by counsel for Shed Media is significantly lower than the rates charged by Los Angeles attorneys of similar skill and experience." (Curry Decl. ¶ 9.) Shed Media does not request an adjustment from the lodestar amount.

Arenas objects to the amount of fees requested in several respects. First, he asserts that Shed Media's evidence in support of its fee request—the declaration of counsel James E. Curry—is inadequate. He claims that Shed Media "has the burden to produce evidence, other than the declarations of interested counsel, that the requested rates are in accordance with those prevailing in the community for attorneys of comparable skill and reputation." (Pl.'s Opp'n at 6-7 (quoting *Camarillo v. City of Maywood*, No. CV 07–03469 ODW (SHx), 2011 WL 3665028, at *8, 2011 U.S. Dist. LEXIS 93695, at *20 (C.D. Cal. Aug. 22, 2011)) (emphasis omitted) [Doc. # 37].)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 11-05279 DMG (PJWx) | Date | June 8, 2012 |
|---|---|---|---|

| Title | *Gilbert J. Arenas v. Shed Media US Inc., et al.* | Page | 4 of 7 |
|---|---|---|---|

This purported deficiency does not preclude a fee award. In *Ingram v. Oroudjian*, 647 F.3d 925 (9th Cir. 2011) (*per curiam*), the party seeking fees failed to submit affidavits from local attorneys or a fee expert to show that the requested rates of $475 and $375 matched the prevailing market rates. The Ninth Circuit held that the district court did not abuse its discretion by relying on its own familiarity with the local legal market to determine the reasonable hourly rate. *Id*. at 928. Here too, the Court's experience with the Los Angeles legal market leads to the conclusion that $395 per hour is a reasonable rate for attorneys with credentials comparable to those of Shed Media's counsel. Moreover, as Arenas admits, his own counsel's "billing rates are comparable" to those of Shed Media's "first class counsel." (Pl.'s Opp'n at 5; Sybert Decl. ¶ 10.) Thus, based on the declarations of both parties' counsel as well as the Court's own experience, the Court finds that the requested average hourly rate of $395 is reasonable.

### b. The Requested Number of Hours for Clerical Tasks Is Excessive

#### i. Vague, Duplicative, and Block Billing

Arenas also contests the number of hours submitted by Shed Media's counsel. First, he claims that these hours are vague, duplicative, and block-billed. (Pl.'s Opp'n at 7-9.) The Court disagrees with each of these contentions. The fact that there are multiple entries for "drafting" or "preparing" the anti-SLAPP motion does not render such entries vague or duplicative. Nor does Arenas point to any unambiguous example of block billing. The closest instance—"Prepare for, travel to and court appearance on hearing" (Curry Decl., Ex. C at 2)—involves a total of 2.0 hours. Arenas' attempt to compare counsel's billing to the situation in *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007), where the law firm billed more than *half* of all hours in block format, falls flat.

#### ii. Clerical Tasks

In addition, Arenas maintains that Shed Media's counsel improperly billed for clerical tasks—in particular the filing of motions—and for local travel time. (Pl.'s Opp'n at 9-10.) Shed Media does not respond to these contentions. Arenas is correct that clerical tasks should not be billed at attorney rates. *See Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 288 n.10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989) ("It is appropriate to distinguish between legal work . . . and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. . . . [The] dollar value [of such non-legal work] is not enhanced just because a lawyer does it." (citation omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-05279 DMG (PJWx) | Date | June 8, 2012 |
| Title | *Gilbert J. Arenas v. Shed Media US Inc., et al.* | Page | 5 of 7 |

Although attorneys are required to file documents electronically into the Court's Case Management/Electronic Case Filing system, in the Court's experience, such electronic filing is almost always performed by administrative staff on the attorney's behalf. Thus, filing documents with the Court should not be billed at a rate exceeding that reasonably commanded by a legal assistant. *See Sierra Club v. U.S. E.P.A.*, 625 F. Supp. 2d 863, 868 (N.D. Cal. 2007) ("[T]he non-legal tasks involved here should be billed at the rate for a legal assistant."). Although the parties here do not propose such a rate, the Court finds that $125 per hour is appropriate. *See, e.g.*, *League of Residential Neighborhood Advocates v. City of Los Angeles*, 633 F. Supp. 2d 1119, 1133 (C.D. Cal. 2009) ("The average billing rate for a legal assistant (exempt for overtime) with 11 to 20 years experience is $128 in the Century City/Beverly Hills area." (quoting declaration by certified public accountant who had surveyed law firm compensation and benefits in southern California)).

Shed Media's counsel billed 4.2 hours on August 1, 2011 to "Review and file anti-SLAPP motion and exhibits" and 1.2 hours on August 15, 2011 to "Revise[] and fil[e] reply in support of anti-SLAPP motion." (Curry Decl., Ex. C.) The Court attributes 25% of these hours to time spent on filing the respective documents. Therefore, the Court reduces the lodestar amount from $2,133 for these 5.4 attorney hours to $1,768.50, which represents $1,599.75 for 4.05 hours at an attorney rate and $168.75 for 1.35 hours at a legal assistant rate.

### iii.   Local Travel Time

Shed Media's counsel billed 2.0 hours on August 22, 2011 to "Prepare for, travel to and court appearance on hearing" (Curry Decl., Ex. C at 2). The Court rejects Arenas' contention that this billing is unreasonable. There is insufficient evidence of custom and practice with regard to local travel time to warrant striking the time billed.

Aside from these specific disputes, Arenas asserts generally that the hours billed by Shed Media's counsel for the anti-SLAPP motion are excessive. (Pl.'s Opp'n at 10-11.) The number of hours that parties request in anti-SLAPP fee motions varies considerably. *Compare, e.g.*, *Bekele v. Ford*, No. C 11–01640 WHA, 2011 WL 4344189, at *4, 2011 U.S. Dist. LEXIS 104398, at *12 (N.D. Cal. Sept. 15, 2011) (approving fee request for 25 hours associated with anti-SLAPP motion), *with, e.g.*, *Shepard v. Miler*, No. CIV. 2:10–1863 WBS JFM, 2011 WL 1740603, at *7, 2011 U.S. Dist. LEXIS 48369, at *17 (E.D. Cal. May 5, 2011) (approving anti-SLAPP fees based on 335 hours, 239.75 of which were for preparing the motion to strike, reviewing the opposition, preparing the reply, and hours related to the hearing). Although the hours billed here by Shed Media's counsel are on the upper end of the reasonableness spectrum, the Court cannot conclude that they are unwarranted other than as discussed above.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 11-05279 DMG (PJWx) | Date | June 8, 2012 |
|---|---|---|---|

| Title | *Gilbert J. Arenas v. Shed Media US Inc., et al.* | Page | 6 of 7 |
|---|---|---|---|

Therefore, Shed Media is entitled to attorneys' fees in the amount of $32,618.

**B.    Arenas' Motion to Dismiss**

Arenas moves to dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), which allows for dismissal "on terms that the court considers proper." District courts should generally grant such motions unless the defendant would consequently suffer some plain legal prejudice. *See WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1058 n.6 (9th Cir. 2011) (quoting *Smith v. Lenches*, 263 F.3d 972, 974 (9th Cir. 2001)), *cert. denied*, 2012 WL 645058, 2012 U.S. LEXIS 4260 (June 4, 2012). "[L]egal prejudice is . . . prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Legal prejudice does not result merely due to a defendant's inconvenience from potentially having to defend the action in another forum or because the dispute will remain unresolved. *WPP*, 655 F.3d at 1058 n.6 (citing *Smith*, 263 F.3d at 976; *Westlands Water Dist.*, 100 F.3d at 96).

Here, the only prejudice that Shed Media identifies is $119,492 in attorneys' fees that it incurred defending against Arenas' motion for a preliminary injunction, litigating the anti-SLAPP motion here and in the Ninth Circuit, propounding and responding to discovery requests, and preparing a motion for summary judgment that it intended to file.[2] (Def.'s Opp'n at 8-9 [Doc. # 52].) This is not plain legal prejudice.[3] *See Westlands Water Dist.*, 100 F.3d at 97 ("[T]he expense incurred in defending against a lawsuit does not amount to legal prejudice." (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 146 (9th Cir. 1982))). Therefore, the Court finds that dismissal without prejudice is appropriate.[4]

Shed Media requests that the Court condition the dismissal of this action on Arenas' payment of $87,492 in attorneys' fees in addition to the fees associated with its anti-SLAPP motion. (Def.'s Opp'n at 13-15; Curry Decl., Ex. G [Doc. # 52-8].) Such fees may only be awarded, if at all, "for work which cannot be used in any future litigation of these claims."

---

[2] Shed Media also cites nebulous "non-monetary costs" that it faced from producing the first season of *Basketball Wives Los Angeles* ("*BWLA*") "underneath the cloud of Plaintiff's meritless lawsuit." (Def.'s Opp'n at 9.) Shed Media fails to explain how these non-monetary costs amount to *legal* prejudice.

[3] Moreover, with respect to its anti-SLAPP motion, Shed Media will be compensated, as discussed above.

[4] Shed Media requests $68,175.50 in attorneys' fees for defending against Arenas' claim under California Code of Civil Procedure section 3344 if this action is dismissed with prejudice. (Def.'s Opp'n at 12-13.) Because the Court dismisses this action without prejudice, however, there is no final ruling on the merits of Arenas' section 3344 claim and Shed Media's request for fees is therefore moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 11-05279 DMG (PJWx) | Date | June 8, 2012 |
|---|---|---|---|
| Title | *Gilbert J. Arenas v. Shed Media US Inc., et al.* | Page | 7 of 7 |

*Westlands Water Dist.*, 100 F.3d at 97 (citing *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993); *Davis v. USX Corp.*, 819 F.2d 1270, 1276 (4th Cir. 1987)).

In opposing Arenas' motion for a preliminary injunction, Shed Media devoted almost the entirety of its brief [Doc. # 22] to the merits of Arenas' claims. This work will be useful in any future litigation involving the same claims. Likewise, the parties' exchange of discovery thus far will not need to be repeated if Arenas files another suit. *See Davis*, 819 F.2d at 1276. Finally, the approximately $12,403 that Shed Media's counsel "spent on proverbial legal housekeeping" is unreasonable even if, as Shed Media maintains, its communications with opposing counsel on scheduling matters and litigation budgeting "were necessary to this litigation, but cannot be used in any future litigation."[5] (Def.'s Opp'n at 15.) Therefore, the Court finds that the dismissal of this action should not be conditioned on an additional fee award.

In light of the foregoing:

1. Shed Media's motion for attorneys' fees is **GRANTED**. Arenas shall pay Shed Media $32,618 in attorneys' fees.

2. Arenas' motion to dismiss is **GRANTED** and this action is hereby **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

---

[5] Shed Media does not request fees for its work preparing an unfiled summary judgment motion.